**FILED**
**Aug 07, 2023**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| **WETONIA A. REDMON**<br>        **Employee,** | **Docket No. 2023-04-00747** |
| **v.** | **State File No. 88730-2022** |
| **DR. DANIEL JEFFERSON BARNES,**<br>        **Employer,** | **Judge Robert Durham** |
| **And** | |
| **STATE FARM FIRE & CAS. CO.,**<br>        **Insurer.** | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This Court held an Expedited Hearing on August 1, 2023. Ms. Redmon asked for medical treatment and temporary disability benefits for a right-arm fracture that occurred at work. The Court holds that while the injury occurred in the course and scope of Ms. Redmon's work, she did not establish that she is likely to prove at trial that it arose primarily from the conditions of her employment. Thus, the Court denies her request for benefits.

### History of Claim

On November 28, 2022, Ms. Redmon was called from her lunch break to assist Dr. Daniel Barnes, DDS, while he performed dental work on a patient. After Dr. Barnes finished, Ms. Redmon carried a tray of dental equipment from the treatment room through a common area. The tray was plastic, slightly larger than a sheet of paper, and weighed less than five pounds. When Ms. Redmon was a few feet from the treatment room, she tripped and fell, causing a displaced comminuted fracture in the radius of her right arm.

Ms. Redmon could not explain why she tripped. She was performing a task she did "every day." She was wearing functional tennis shoes on a level floor covered in commercial-grade carpet that was free of any obstacles or debris. Ms. Redmon told the office manager, Betty Myers, and Dr. Barnes that she simply "tripped over her own feet."

1

Ms. Redmon did not testify that carrying the tray caused any change in her gait or rendered her unable to see the floor, thus contributing to her fall. She also said that due to her body habitus, she would not be able to see where she placed her feet while walking even if she were not carrying the tray.

As for her injury, Ms. Redmon could not remember whether her right arm was outstretched when she fell or how she broke her wrist, although she felt as though she must have been trying to break her fall. She said that when she tripped, she felt as though she was pulled to the left. She believed she fell on her right side, but all she remembered was the pain in her right wrist and cradling it with her left hand. She could not remember what happened to the tray when she fell, but she knew she dropped or "flung it" from her at some point.

Although he did not see Ms. Redmon fall, Dr. Barnes conceded that walking with a tray would prevent a person from swinging their arms while walking and this could affect balance. He also agreed that he could not see his feet if he was carrying the tray. However, he did not believe that carrying the tray had anything to do with Ms. Redmon's fall.

Ms. Redmon sought unauthorized treatment with general practitioner Dr. Jack Rhody immediately after her fall. Dr. Rhody diagnosed the radial fracture and recommended that she see an orthopedist. Dr. Barnes refused to provide Ms. Redmon with an orthopedic referral and denied her claim, asserting her fall was idiopathic.

Ms. Redmon returned for a follow-up appointment with Dr. Rhody on April 27, 2023. On exam, he noted muscle atrophy and "crackles" in Ms. Redmon's right forearm. She had "very poor grip," and her wrist range of motion was severely limited. Dr. Rhody diagnosed her with an open fracture with malunion. He said she was unable to work and again referred her to an orthopedic surgeon. Ms. Redmon has not received any additional medical treatment.[1]

### Findings of Fact and Conclusions of Law

Ms. Redmon must present evidence from which this Court can determine that she is likely to prove at trial that her right arm fracture arose primarily out of and in the course and scope of her employment. *See generally McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Dr. Barnes is not disputing that Ms. Redmon fell at work or that the fall broke her right arm. However, he contends that neither the fall nor the injury were caused or aggravated by a workplace hazard but that it was idiopathic in nature and thus not

---

[1] Evidence was also given as to whether Ms. Myers told Ms. Redmon to tell the adjuster she was carrying a file rather than a tray. However, given the Court's denial, it is unnecessary to summarize this testimony.

compensable. "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Dec. 10, 2015) (citations omitted). An idiopathic injury is only compensable if the employment hazard "causes or exacerbates the injury." *Id.* at *10.

In determining whether this incident involved a "peculiar or additional" hazard of employment sufficient to cause an injury arising out of employment, the Court notes that the hazard need not be great. "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation." *Bullard v. Facilities Performance Grp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *11 (Aug. 17, 2018). In *Bullard*, the employee injured herself after missing a single step she forgot was there as she exited a building. The Appeals Board determined the hazard was sufficient to make the injury non-idiopathic. *Id*.

But while the additional employment hazard may be minor, it must still exist if the employee is to establish causation. Here, Ms. Redmon cannot point to an employment hazard that caused her to fall or injure her arm. The floor was carpeted, free of obstructions and spills, and the path was open. Ms. Redmon was wearing tennis shoes and walking at a normal pace. She was doing a task she did several times a day every day. Most important, she cannot say what caused her to trip and fall.

Nevertheless, Ms. Redmon maintains that her situation is like the one in *McCaffery*, where the employee sneezed while driving his truck and then wrecked. In that case, the employee could not prove why he sneezed, just as Ms. Redmon cannot prove why she tripped, yet the Appeals Board still found his injuries compensable.

However, the Court finds Ms. Redmon's reliance to be misplaced. In *McCaffery*, the Appeals Board confirmed that an injury may "arise out of" employment if an employment hazard either caused the accident *or* aggravated the injury. The Appeals Board held it was the fact that Mr. McCaffery was driving when he sneezed—which caused him to wreck—that was the additional hazard of employment, not what caused the sneeze itself. *McCaffery,* at *11.

Ms. Redmon has not shown she is likely to prove that her work environment either caused her to fall or caused her injury. Her attorney argued that walking with a tray affected her balance and that carrying the tray kept her from seeing her feet.[2] However, even if true, Ms. Redmon did not present evidence that these circumstances contributed to her falling.

---

[2] There was little evidence to support these arguments. Indeed, Ms. Redmon admitted that she cannot see her feet while walking, even when she is not carrying a tray.

Ms. Redmon's theories are based on speculation, not fact.

The same principle applies to her argument that carrying the tray gave her less time to catch herself when she fell. Ms. Redmon could not remember what happened with the tray or even where her arm was when she broke her wrist. The best she could do was say she felt like her arm was outstretched. Again, even if this were true, it is not evidence that carrying the tray caused her to break her wrist.

The Court finds this case more like *English v. G4S Secure Solutions,* 2016 TN Wrk. Comp. App. Bd, LEXIS 48 (September 27, 2016). In *English,* the employee fell while walking in a parking lot and sustained injuries. She testified she could not remember why she fell but speculated it must have been due to the leaves that were on the ground. *Id* at *4. The Appeals Board upheld the trial court's determination that this testimony was insufficient to meet the employee's burden of proof. The Court makes the same finding here and denies Ms. Redmon's request for benefits at this time.

IT IS, THEREFORE, ORDERED THAT:

1.  Ms. Redmon's claim for medical and temporary disability benefits as well as attorney's fees and penalties is denied.

2.  This case is set for a Scheduling Hearing on **October 9, 2023, at 9:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED August 7, 2023.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Ms. Redmon's Pre-Hearing Brief
4.  Dr. Barnes's Pre-Hearing Brief
5.  Dr. Barnes's Witness List
6.  Dr. Barnes's Exhibit List

Exhibits:
1. Dr. Rhody's medical records
2. Ms. Redmon's Rule 72 Statement
3. First Report of Injury
4. Dr. Barnes's discovery responses
5. Picture of carpet
6. Record of texts between Ms. Myers and Ms. Redmon

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 7, 2023.

| Name | Certified Mail | Email | Service sent to: |
| --- | --- | --- | --- |
| R. Stephen Waldron | | X | arlenesmith@wfptnlaw.com |
| Allen Callison | | X | Allen.callison@mgclaw.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

5



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*